**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MUHAMMAD AHSAN ASHFAQ<br><br>                Plaintiff,<br><br>v.<br><br>HAYDEE I AROCHO,<br><br>                Defendant. | Civil Action No. 2:24-cv-08283-JKS-MAH<br><br>**OPINION AND ORDER**<br><br>September 17, 2024 |

**SEMPER**, District Judge.

This matter comes before the Court upon Plaintiff Muhammad Ahsan Ashfaq's application to proceed in forma pauperis. (ECF 1.)

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Having reviewed Plaintiff's application, the Court finds leave to proceed in form pauperis is warranted, and the application is **GRANTED**.

However, when assessing an application to proceed in forma pauperis, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c). Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's papers liberally and holds them to a less stringent standard than the standard applied to papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not credit a *pro se* party's "'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F.

1

Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Here, Plaintiff appears to be a citizen of Pennsylvania, while Defendant appears to be a citizen of New Jersey. (ECF 1-2.) The amount in controversy appears to be $8,500 for purchasing unknowingly purchasing a car that had been stolen. (*Id.*) Accordingly, there is no diversity jurisdiction, and the action must arise under federal law for this Court to have subject matter jurisdiction.

Federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While Plaintiff's Civil Cover Sheet indicates that this case involves the False Claims Act, his Complaint does not set forth any facts that could support such a claim. This Court need not credit this bald assertion. *Grohs*, 984 F. Supp. 2d at 282 (quoting *Morse*, 132 F.3d at 906). Accordingly, this Court has no basis for exercising subject matter jurisdiction, and the Complaint is dismissed without prejudice.

**IT IS** on this 17th day of September 2024,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Defendant by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

*/s/ Jamel K. Semper*

**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:     Clerk
cc:       Michael A. Hammer, U.S.M.J.
          Parties